IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIANJUN XIE, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA,<br><br>　　　　Defendant.　　　　　　　　／ | No. C 11-02538 CRB<br><br>**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT** |

　　　　Plaintiffs apply for leave to proceed *in forma pauperis* ("IFP"). Having considered the IFP Applications and the Complaint, the Court hereby GRANTS the Applications to proceed IFP and DISMISSES the Complaint.

　　　　Granting Plaintiffs' IFP Applications does not mean that they may continue to prosecute this action. This Court has an obligation to dismiss a case filed without payment of the filing fee if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissals under this section are not dismissals on the merits. See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

　　　　The Complaint asserts state law claims against the "Superior Court of California" arising out of what, in Plaintiffs' view, was a frivolous suit filed against them in that court. The Superior Court of California is not a proper Defendant for Plaintiffs' claims. See Sanchez v. Superior Court of Cal., No. 10-cv-0218 BEN (WVG), 2010 WL 2178984, at *2

(S.D. Cal. May 27, 2010) ("The Ninth Circuit has recognized, 'the official name of the court is the Superior Court of the State of California; its geographical location within any particular county cannot change the fact that the court derives its power from the State and is ultimately regulated by the State.' Accordingly, Defendant Superior Court is entitled to Eleventh Amendment immunity.") (citations omitted).  Accordingly, the Complaint fails to state a claim and seeks monetary relief from an immune defendant.  Therefore, it is DISMISSED.[1]

**IT IS SO ORDERED.**

Dated: June 21, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] The Court is also concerned that it lacks subject matter jurisdiction. Plaintiffs assert that diversity jurisdiction exists under 28 U.S.C. § 1332. Compl. (dkt. 1) at 1.  As pleaded, however, Plaintiffs are residents of California suing a branch of the California government on exclusively state law claims.  Id. at 2 ("We are natural persons of Chinese nationality currently residing in the State of California.").  If Plaintiffs are lawful permanent residents of California, diversity jurisdiction would not exist.  See id. § (a)(4) ("For the purposes of this section . . . an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.").